UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUXOTTICA GROUP, S.P.A.,<br><br>    Plaintiff,<br><br>    v.<br><br>899 AIRPORT BLVD. INC., et al.,<br><br>    Defendants. | Case No. 24-cv-07989-WHO<br><br>**ORDER ON DISCOVERY LETTER**<br>Re: Dkt. Nos. 35, 36 |

Luxottica Group, S.p.A. ("Luxottica") filed this case against defendants 899 Airport Blvd. Inc. ("899 Airport Blvd.") and its sole owner Shiekh Sahib ("Sahib") (together, "defendants"), asserting one cause of action for trademark infringement under the Lanham Act. *See* Complaint [Dkt. No. 1] at 7–8. Luxottica alleges that defendants sold sunglasses bearing Luxottica's Ray-Ban trademark without Luxottica's permission and without compensating Luxottica. Now, defendants and Luxottica filed a joint discovery letter concerning Luxottica's request that defendants produce documents related to Sahib and 899 Airport Blvd.'s financial position. ("Letter') [Dkt. No. 36][1]. For the following reasons, I DENY Luxottica's request for production without prejudice. Luxottica may reraise this issue at pretrial conference.

First, Luxottica requests that defendants produce Sahib's federal income tax returns, including all schedules and attachments for 2022–2024. Letter 2. Plaintiff contends that as the undisputed sole owner, shareholder, and officer of 899 Airport Blvd., Sahib can be held personally liable for the alleged sale of infringing sunglasses that took place at 899 Airport Blvd. Letter 1. "Can" is accurate, but the evidence provided thus far is insufficient to support such invasive

---

[1] Parties inadvertently filed their Joint Case Management Statement for the June 24, 2025, case management conference under the label "Joint Discovery Letter Brief" at Dkt. No. 35. This Order resolves that motion.

discovery.

As I have previously held, "an individual can be held liable for the trademark infringement of corporations" where "the individual was responsible for, participated in, directed, controlled, or ratified" those infringing acts. *Genomma Lab Internacional, S.A.B. de C.V. v. Mprezas, Inc.*, No. 3:22-CV-01759-WHO, 2023 WL 8811808, at *8 (N.D. Cal. Dec. 20, 2023). In *Genomma*, I reviewed a number of cases that explain the required nexus between an individual and a corporation that allow for personal liability. *See id.* at *7 (collecting cases). Luxottica has not, in the Letter or in its Complaint, made sufficient allegations against Sahib that suggest his conduct extends beyond ownership of 899 Airport Blvd. *See* Letter 1 ("Sahib manages the day-to-day operations of 899 Airport Blvd. Inc., including approving the vendors that supply products sold at the convenience store, and setting the prices at which those products are sold"); Complaint ¶ 27 ("Defendant Sahib has and continues to have the right and ability to supervise the infringing conduct of 899 Airport Blvd. Inc. and has a direct financial interest in the infringing conduct; however, he continues to act with reckless disregard or willful blindness, effectively condoning 899 Airport Blvd. Inc.'s unlawful activities."). Luxottica does not allege that Sahib had any direct, controlling, or active participation in the alleged sale of the infringing sunglasses. Because Luxottica fails to allege that Sahib is a "moving, active conscious force behind the corporation's infringement," I will not order production of his personal finances at this juncture. *Novell, Inc. v. Unicom Sales, Inc.*, No. C-03-2785 MMC, 2004 WL 1839117, at * 17 (N. D. Cal. Aug. 17, 2004).

Luxottica additionally requests production of 899 Airport Blvd.'s financial statements for 2022–2024, including federal income tax returns with all related schedules and attachments. Letter 2. Courts often employ a balancing test when determining whether a party's right to privacy and nondisclosure of personal, financial, information can be overcome by factors that favor disclosure. In *Charles O. Bradley Trust v. Zenith Capital, LLC*, the court looked to factors including "ascertaining the truth, addressing potentially severe wrongdoing by Defendants, [and] ensuring enforcement of rights" and concluded that the production of the documents in that case would not violate the defendants' constitutional right to privacy. No. C-04-2239 JSW (EMC), 2005 WL 1030218, at *2 (N.D. Cal. May 3, 2005). Considering those same factors here, I cannot

1    come to the same conclusion.  Luxottica does not allege that these financial documents will reveal
2    any truth or "severe wrongdoing" committed by 899 Airport Blvd.; it instead argues that the
3    documents are important in making a determination of appropriate statutory damages under the
4    Lanham Act.

5    It is unclear to me why it is necessary at this point for 899 Airport Blvd. to provide the
6    requested financial documents if the intent is ultimately to help the fact finder to assess the
7    appropriate statutory damages.  Courts do not *only* look to financial statements to make these
8    determinations.  As one court noted in a case cited by Luxottica:

> the federal courts have utilized various particular factors in determining the appropriate measure of statutory damages for federal copyright infringement, such as [a] the blameworthiness of the infringer, ... [b] the infringer's profit or gain from the infringement, ... [c] the copyright owner's damage or loss from the infringement, ... [d] the statutory license, rate, royalty, or yardstick amounts specified in the 1909 Act, ... [e] and various other particular or unspecified factors such as fair market value of the copyright, number of infringing copies distributed, proffered settlement amount, size of the infringer's business, wealth of defendant, and reasonableness of the arguments.

*Millennium Films, Inc. v. Robinson*, No. 2:16-CV-04718-SVW-E, 2017 WL 8221952, at *5 (C.D. Cal. Feb. 15, 2017) (internal quotation marks and citation omitted) (alterations in original). Understanding the "size of the infringer's business [and] wealth of defendant" are only two of the myriad of factors that courts can look to when considering statutory damages.  *Id.*  I will need to have a better understanding of the other factors, particularly blameworthiness, profit, damage, number and reasonableness before authorizing invasive financial discovery, even pursuant to a protective order.

Moreover, there is no prejudice in delaying this decision until the pretrial conference, when the allegations of the parties are in focus.  Luxottica may reraise these issues by a motion briefed for hearing at the pretrial conference.  I DENY Luxottica's request that defendants produce the financial documents at this stage in the litigation.

**IT IS SO ORDERED.**

Dated: June 27, 2025

William H. Orrick
United States District Judge